Wilde J.
delivered the opinion of the Court. Upon the facts stated in this petition, the Court is of opinion that nothing appears in the proceedings in the court below, which requires or woul 1 justify the interposition of this Court as prayed for. This application is founded on the supposed error of the court below, in admitting proof of the confessions of Usher, which the petitioner’s counsel contend were not competent evidence. *194 But in deciding this case it is not necessaiy to consider the question as to the competency of the evidence, because we think it very clear that the Court of Common Pleas had a discretionary power to grant a new trial, if the justice of the case, in their opinion, required it, and that we ought not to attempt to control or coerce the discretion of that court. That the granting a new trial, like the granting of a continuance, or taking off of a default, rests in the discretion of the court, is fully established by all the authorities, and by the statute of 1820, c. 79, § 7, the Court of Common Pleas are expressly authorized to grant a new trial of any action there tried, “ for any cause for which, by the common law, a new trial may now be granted,” or “ when it shall appear to said court that justice has not been done between the parties.”[1] And from the decision of that court, upon any application for such purpose, no appeal lies; nor can the correctness of the decision, be drawn in question before this Court by exceptions. It seems therefore manifest, that the legislature intended to vest a disci etion in the Court of Common Pleas, in this respect, not subject to any control or revision by this Court. And we cannot interfere by mandamus, as prayed for, without disregarding the spirit and intention of the act. It is true that this Court may and are in duty bound to review the decisions of subordinate tribunals on all proper applications, whenever they exceed their jurisdiction, or assume a power not warranted by law. On this ground the petition for a mandamus was sustained in the case Ex parte Caykendoll, 6 Cowen, 53. In that case the court below had set aside a verdict for the mistake or misconduct of the jury, on the affidavit of some of the jurors; and as this evidence was inadmissible, as being against the policy of the law, it was held that the court below had no right to set aside a verdict for such cause, and a mandamus was granted ordering judgment, to be entered on the verdict. This case, therefore, did not raise any question as to the discretionary power of the court below to grant new trials, and is in no *195 way applicable to the present case, in which the parties were heard in the Court of Common Pleas, upon the merits of the case, on an application which was founded on the discretion of that court, and on the decision of the question, whether, upon the whole circumstances there made to appear, substantial justice had been done. The case at bar more resembles the case Ex parte Bacon fy Lyon-, decided by the same court, (6 Cowen, 392,) in which a mandamus was refused because the court below had heard the parties on the merits of the case, and in their discretion had refused a new trial. “ This,” says the court, is “so much a matter of discretion, that we will not interfere by mandamus. The granting or refusal of an application for a new trial, is governed by no fixed principles. No positive rule of law has been violated by the court below, nor can we fix bounds to their discretion upon this subject.”
The same principle is laid down in the case Ex parte Benson, 7 Cowen, 363. So also, in the case of The People v. The Sessions of Chenango, 2 Caines’s Cas. in Err. 320, Kent J. says “ that the power of awarding new trials on the merits is a power necessarily resting in sound legal discretion. The reasons of the exercise of that discretion, are not stated on the record, and not susceptible of review by this court.”
On these grounds we declined hearing an argument as to the competency of the evidence objected to ; and we think it clear that the rule granting a new trial ought not to be vacated, although it should appear that the evidence would not be admissible on the new trial. If it should be offered and admitted, the petitioners may then regularly bring the question before this Court for revision.
Petition dismissed.

 The Rev. Stat. c. 82, § 19 provide, that the Court of Common Pleas may “ order a new trial for any cause for which, by law, a new trial may and ought to be granted ”